**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>     Plaintiff,<br><br>v.<br><br>TUFFSTUFF FITNESS INTERNATIONAL,<br>INC., AND THE GYM SOURCE, INC.,<br><br>     Defendants. | C.A. No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies ("Blackbird Technologies" or "Plaintiff") hereby alleges for its Complaint for Patent Infringement against Defendants TuffStuff Fitness International, Inc. ("TuffStuff"), and The Gym Source, Inc. ("Gym Source") (collectively, "Defendants") on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

<u>THE PARTIES</u>

1.      Plaintiff Blackbird Technologies is a limited liability company organized under the laws of Delaware, with its principal place of business located at One Boston Place, Suite 2600, Boston, MA 02108.

2.      On information and belief, Defendant TuffStuff is a corporation organized and existing under the laws of California with its principal place of business located in 13971 Norton Avenue, Chino, California, 91710.  TuffStuff may be served via its registered agent, Monika E. Grider, 3255 N. Lincoln, Altadena, California, 91003.

3.      On information and belief, Defendant Gym Source is a corporation organized and existing under the laws of New York with its principal place of business located at 40 East 52nd Street, New York, New York, 10022.

4.      Joinder is proper under 35 U.S.C. § 299 because the allegations of infringement contained herein are asserted against the Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to TuffStuff's manufacture of the "Accused Products" (defined *infra*) and its cooperation with Gym Source to sell and offer to sell Accused Products to customers.  Inherent in this relationship are common questions of fact, including without limitation their respective roles in selling and offering to sell Accused Products to customers, and what documentation, information, and/or instructions TuffStuff provides Gym Source to sell and offer to sell Accused Products.

<u>JURISDICTION AND VENUE</u>

5.      This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code §§ 100, *et seq*.

6.      Subject-matter jurisdiction over Blackbird Technologies' claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

7.      This Court has personal jurisdiction over TuffStuff because TuffStuff has established minimum contacts with this forum by regularly conducting business in Delaware, including marketing, selling, and/or offering for sale its exercise equipment in cooperation with and/or through its dealer network, which includes Gym Source.  Upon information and belief, certain Gym Source locations deliver TuffStuff products to customers located in Delaware,

including TuffStuff products that are accused of infringing U.S. Patent No 6,705,976 as alleged

herein.  TuffStuff is also the owner of the web site www.tuffstufffitness.com, which is available

to residents of Delaware and markets and advertises TuffStuff's exercise equipment, lists

equipment MSRPs, and provides a dealer locator function that searches by location and radius to

return nearby TuffStuff retailers.  The dealer locator function can be used to find Pennsylvania

Gym Source locations that deliver to Delaware.

8.      This Court has personal jurisdiction over Gym Source because Gym Source has

established minimum contacts with this forum by regularly conducting business in Delaware,

including marketing, selling, and/or offering for sale its exercise equipment to customers located

in Delaware, including TuffStuff products that are accused of infringing U.S. Patent No.

6,705,976 as alleged herein.  Gym Source is also the owner of the web site

www.gymsource.com, which is available to residents of Delaware and markets and advertises

TuffStuff's exercise equipment and lists equipment MSRPs.  *See, e.g.*,

http://www.gymsource.com/six-pack-trainer.  Gym Source identifies Delaware as an available

shipping destination on its web site, and at least certain of its Pennsylvania store locations deliver

to Delaware.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c)

and § 1400(b) at least because Defendants transact business within this district and have

committed acts in this district that infringe U.S. Patent No. 6,705,976.

<u>U.S. PATENT NO. 6,705,976</u>

10.      U.S. Patent No. 6,705,976 (the "'976 patent" or "patent-in-suit") entitled,

"Exercise Apparatus," was duly and legally issued by the U.S. Patent and Trademark Office on

March 16, 2004.  Blackbird Technologies is the owner by assignment of all right, title, and

interest in and to the '976 patent, including all right to recover for any and all infringement thereof.  The '976 patent is valid and enforceable.  A true and correct copy of the '976 patent is attached as Exhibit A.

11.     Claim 1 of the '976 patent recites, for example, exercise equipment that includes a curved structural surface with at least three cable exit points positioned along that surface. According to the '976 patent, "[f]rom a biomechanical standpoint, … equipment designed with resistance delivery systems oriented along an arced pathway are inherently more biomechanically optimized than those that are not, thus offering tremendous advantages to the user." ('976 patent at 2:21-25.)  Each corresponding cable enables a user to exert a tensile force such that a common source of resistance exerts a counterforce to that cable.  The cable is also coupled to a counter-resistance.

<u>COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,705,976</u>

12.     Blackbird Technologies reasserts and incorporates by reference Paragraphs 1 through 11 of this Complaint as if fully set forth herein.

13.     TuffStuff manufactures, sells, and offers to sell, exercise equipment that includes the AXT-225 Classic Home Gym[1], SXT-550 Hybrid Home Gym[2], HTX-2000 Dual Stack Functional Trainer[3], SPT-6B Base Six-Pak Trainer[4], KDS-SPT6P Compact Platform Trainer[5], SPT-6X Six-Pak Trainer[6], KDS-SPT6X Compact Bench Trainer[7], SPT-7 Six-Pak Trainer[8], and KDS-SPT7 Extended Bench Trainer[9] (collectively, the "Accused Products").

---

[1] *See* http://www.tuffstuffitness.com/product/axt-225.html.
[2] *See* http://www.tuffstuffitness.com/product/sxt-550.html.
[3] *See* http://www.tuffstuffitness.com/product/htx-2000-dual-stack-functional-trainer.html.
[4] *See* http://www.tuffstuffitness.com/product/spt-6b-base-six-pak-trainer.html.
[5] *See* http://www.tuffstuffitness.com/product/kds-spt6p.html.
[6] *See* http://www.tuffstuffitness.com/product/spt-6b-base-six-pak-trainer.html.
[7] *See* http://www.tuffstuffitness.com/product/kds-spt6x.html.

14.     Gym Source sells and offers to sell at least certain of the Accused Products, including without limitation the AXT-225 Classic Home Gym[10], SXT-550 Hybrid Home Gym[11], SPT-6X Six-Pak Trainer[12], and SPT-7 Six-Pak Trainer[13].

### AXT-225 Classic Home Gym

15.     The AXT-225 Classic Home Gym ("AXT-225") is an exercise apparatus that includes a curved structural surface.  For example:



(Ex. B, hereinafter "AXT-225 Owner's Manual," at 16.)

16.     The AXT-225 has at least three cable exit points positioned along its surface.  For example:

---

[8] *See* http://www.tuffstufffitness.com/product/spt-7-six-pak-trainer.html.
[9] *See* http://www.tuffstufffitness.com/product/kds-spt7.html.
[10] *See* http://www.gymsource.com/tuff-stuff-axt-225-classic-home-gym.
[11] *See* http://www.gymsource.com/tuff-stuff-sxt-550-hybrid-home-gym.
[12] *See* http://www.gymsource.com/six-pack-trainer.
[13] *See* http://www.gymsource.com/seven-pack-trainer-w-200lb-weight-stack.



(AXT-225 Owner's Manual at 21 (red circles added to highlight cable exit points).)

17.     Corresponding cables enable a user to exert a tensile force such that a weight stack exerts a counterforce.  (*See, e.g.*, AXT-225 Owner's Manual at 37-38 (showing examples of possible exercises).)

18.     Corresponding cables are also coupled to a counter-resistance.  For example:



(AXT-225 Owner's Manual at 22 (showing strap bracket 118).)

19.     Therefore, the AXT-225 falls within the scope of at least claim 1 of the '976 patent.

### *SXT-550 Hybrid Home Gym*

20.     The SXT-550 Hybrid Home Gym ("SXT-550") is an exercise apparatus that includes a curved structural surface.  For example:



(Ex. C, hereinafter "SXT-550 Owner's Manual," at 16.)

21.    The SXT-550 has at least three cable exit points positioned along its surface.  For

example:



(SXT-550 Owner's Manual at 28 (red circles added to highlight cable exit points).)



(SXT-550 Owner's Manual at 30 (red circles added to highlight cable exit points).)



(SXT-550 Owner's Manual at 32 (red circles added to highlight cable exit points).)

22.     Corresponding cables enable a user to exert a tensile force such that a weight stack exerts a counterforce.  (*See, e.g.*, SXT-550 Owner's Manual at 54-58 (showing examples of possible exercises).)

23.     Corresponding cables are also coupled to a counter-resistance.  For example:



(SXT-550 Owner's Manual at 30 (showing cable stopper shells 76).)

24.     Therefore, the SXT-550 and similar Accused Products fall within the scope of at least claim 1 of the '976 patent.

***HTX-2000 Dual Stack Functional Trainer and Similar Accused Products***

25.     The infringement allegations against the HTX-2000 Dual Stack Functional Trainer ("HTX-2000") are representative of the infringement allegations against the following similar Accused Products:  SPT-6B Base Six-Pak Trainer, KDS-SPT6P Compact Platform Trainer, SPT-6X Six-Pak Trainer, KDS-SPT6X Compact Bench Trainer, SPT-7 Six-Pak Trainer, and KDS-SPT7 Extended Bench Trainer.  The TuffStuff owner's manuals for the SPT-6B Base Six-Pak Trainer, SPT-6X Six-Pak Trainer, and SPT-7 Six-Pak Trainer are attached as Exhibits E through G, respectively.  Upon information and belief, the KDS-SPT6P Compact Platform Trainer, KDS-SPT6X Compact Bench Trainer, and KDS-SPT7 Extended Bench Trainer are youth versions of the SPT-6B Base Six-Pak Trainer, SPT-6X Six-Pak Trainer, and SPT-7 Six-Pak Trainer, respectively.  *Compare supra* ¶ 13 n.5 *with* n.4; *supra* ¶ 13 n.7 *with* n.6; and *supra* ¶ 13 n.9 *with* n.8.

26.     The HTX-2000 is an exercise apparatus that includes a curved structural surface. For example:



(Ex. D, hereinafter "HTX-2000 Owner's Manual," at 13.)

27.   The HTX-2000 has at least three cable exit points positioned along its surface.

For example:



(HTX-2000 Owner's Manual at 23 (red circles added to highlight cable exit point).)



(HTX-2000 Owner's Manual at 24 (red circles added to highlight cable exit point).)



(HTX-2000 Owner's Manual at 25 (red circles added to highlight cable exit points).)



(HTX-2000 Owner's Manual at 26 (red circles added to highlight cable exit points).)

28.     Corresponding cables enable a user to exert a tensile force such that a weight stack exerts a counterforce.  (*See, e.g.*, HTX-2000 Owner's Manual at 34-37 (showing examples of possible exercises).)

29.     Corresponding cables are also coupled to a counter-resistance.  For example:



(HTX-2000 Owner's Manual at 25 (red circles added to highlight cable connections to cable stopper shells 37).)

30.     Therefore, the HTX-2000, SPT-6B Base Six-Pak Trainer, KDS-SPT6P Compact Platform Trainer, SPT-6X Six-Pak Trainer, KDS-SPT6X Compact Bench Trainer, SPT-7 Six-Pak Trainer, and KDS-SPT7 Extended Bench Trainer fall within the scope of at least claim 1 of the '976 patent.

### *Direct Infringement of U.S. Patent No. 6,705,976*

31.     TuffStuff, pursuant to 35 U.S.C. § 271(a), has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '976 patent, including at least claim 1, by making, using, selling, and offering to sell, in this judicial district and/or elsewhere in the United States, the Accused Products.

32.     TuffStuff contends that it "remains the only fitness company in the United States with the capability to manufacture any product it sells," with a "state-of-the-art manufacturing facility located in Chino, California." (*See* http://www.tuffstuffitness.com/company/history.html.)

33.     Upon information and belief, TuffStuff sells and offers to sell the Accused Products to customers directly or in cooperation with and/or through its dealer network located throughout the United States, which includes Gym Source.

34.     Gym Source, pursuant to 35 U.S.C. § 271(a), has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one of more claims of the '976 patent, including at least claim 1, by selling and offering to sell, in this judicial district and/or elsewhere in the United States, at least certain of the Accused Products. *See supra* ¶ 14.

*Willful Infringement of U.S. Patent No. 6,705,976*

35.     Upon information and belief, TuffStuff owns Design Patent No. D626,609 (the "'609 patent"), entitled "Exercise Apparatus."

36.     Sherman Grider, President of TuffStuff, is the sole inventor of the '609 patent.

37.     According to TuffStuff, "[i]n 2009, … [TuffStuff's] President, Sherman Grider, developed and filed a design patent application for a new ornamental design for an exercise apparatus, to be used in both home gyms and in commercial applications.  This application matured into United States Design Patent Registration D626609, which was then assigned to [TuffStuff].  At the time of assignment, [TuffStuff's] name was TuffStuff Fitness Equipment, Inc.  [TuffStuff's] name was changed last year, on or about December 13, 2013, to TuffStuff Fitness International, Inc."  (Ex. H, Complaint filed by TuffStuff Fitness International, Inc. against Health In Motion LLC, Case No. 8:14-cv-01973 (C.D. Cal. Dec. 12, 2014), at ¶ 11.)

38.     The '609 patent covers an exercise apparatus with a curved structural surface, and all of the Accused Products have a curved structural surface.  For example:

| TuffStuff's '609 patent | SPT-6X Six-Pak Trainer |
|---|---|
|  FIG. 1 | |
| (Ex. I, the '609 patent, at Fig. 1.) | (Ex. F, SPT-6X Six-Pak Trainer Owner's Manual, at cover.) |

(*See also* Ex. H at ¶ 12 (associating the '609 patent with its "Six-Pak Trainer" exercise equipment, multiple versions of which are included in the Accused Products).)

39.    During prosecution of App. No. 29/352,002, which issued as the '609 patent, TuffStuff cited to U.S. Patent No. 7,335,141 (the "'141 patent"), entitled "Exercise Apparatus," in an Information Disclosure Statement dated Dec. 11, 2009.  (Ex. J, Information Disclosure Statement from prosecution history of App. No. 29/352,002, at 3.)

40.    The '141 patent was invented by Robert A. Piane, Jr., the same inventor of the patent-in-suit.

41.     The '141 patent, in the first column of its specification, incorporates by reference the patent-in-suit.  (Ex. K, the '141 patent, at 1:30-33.)

42.     The '141 patent describes the patent-in-suit as disclosing, *inter alia*, a "handle [that] emanates from a cable pulley at a selected exit point along a circular arc formed by an arcuate frame member of the machine."  (Ex. K, the '141 patent, at 1:18-22.)

43.     The patent-in-suit is more relevant to the validity of TuffStuff's '609 patent than the '141 patent:



| TuffStuff's '609 patent | Patent-in-suit | '141 patent |
|---|---|---|
| (Ex. I at Fig. 1.) | (Ex. A at Fig. 1.) | (Ex. K at Fig. 2.) |

44.     Therefore, on information and belief, Defendant has been aware of the '976 patent since at least December 11, 2009.

45.     In view of TuffStuff's knowledge of the patent-in-suit since it prosecuted the '609 patent, the relevance of the patent-in-suit to the validity of the '609 patent, and the fact that the '609 patent covers at least some of the Accused Products, all of which have curved structural

surfaces like the exercise equipment claimed in the patent-in-suit, TuffStuff has disregarded and continues to disregard the objectively high likelihood that it infringes the patent-in-suit by manufacturing, using, selling, and/or offering to sell the Accused Products.

46.     TuffStuff, by virtue of the filing of this complaint, has further notice of the patent-in-suit.  Based on this notice and the evidence of infringement set forth in this complaint, *see supra* ¶¶ 12-30, TuffStuff disregards the objectively high likelihood that it infringes the patent-in-suit by manufacturing, using, selling, and/or offering to sell the Accused Products.

47.     Under these facts, TuffStuff's infringement has been and continues to be egregious and willful.

### *Inducement of U.S. Patent No. 7,797,976*

48.     Blackbird Technologies reasserts and incorporates by reference Paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49.     TuffStuff has been aware of the '976 patent since at least December 11, 2009. *See supra* ¶¶ 35-44.

50.     TuffStuff, pursuant to 35 U.S.C. § 271(b), knowingly and intentionally actively induces the infringement of one or more claims of the '976 patent, including at least claim 1, by instructing and otherwise encouraging infringement by partnering with members of its dealer network to sell and offer to sell certain of the Accused Products.  TuffStuff's dealer network, which includes Gym Source, have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '976 patent by selling and offering to sell certain of the Accused Products to customers in this judicial district and/or elsewhere in the United States.

*Damages*

51.     On information and belief, the owner(s) of the '976 patent have complied with 35 U.S.C. § 287(a) at all relevant times.

52.     Blackbird Technologies has sustained damages as a direct and proximate result of Defendants' infringement of the '976 patent.

53.     As a consequence of Defendants' infringement of the '976 patent, Blackbird Technologies is entitled to the recovery of past damages in the form of, at a minimum, a reasonable royalty.

54.     On information and belief, Defendants will continue to infringe the '976 patent unless enjoined by this Court.

55.     As a consequence of continued infringement of the '976 patent by Defendants, Blackbird Technologies has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts unless Defendants are enjoined by this Court from committing further acts of infringement.  Blackbird Technologies has no adequate remedy at law.  In the event this Court determines that it will not award injunctive relief, this Court should require Defendants to pay damages for past infringement of the '976 patent and royalties for their infringement of the '976 patent on a going-forward basis.

## PRAYER FOR RELIEF

WHEREFORE, Blackbird Technologies respectfully requests that this Court enter judgment against Defendants, as follows:

A.      Adjudging that TuffStuff has infringed at least claim 1 of the '976 patent literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. §§ 271(a) and (b);

B.      Adjudging that Gym Source has infringed at least claim 1 of the '976 patent literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a);

C.      An award of damages to be paid by Defendants adequate to compensate Blackbird Technologies for Defendants' past infringement and any continuing or future infringement up until the date such judgment is entered, and in no event less than a reasonable royalty, including interest, costs, and disbursements pursuant to 35 U.S.C. § 284;

D.      Awarding Blackbird Technologies treble damages based on any infringement found to be willful pursuant to 35 U.S.C. § 284;

E.      Adjudging that this case be exceptional under 35 U.S.C. § 285 and awarding enhanced damages, including costs and attorneys' fees, to Blackbird Technologies;

F.      Awarding Blackbird Technologies pre-judgment and post-judgment interest at the maximum rate permitted by law on its damages;

G.      Granting Blackbird Technologies permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendants, their officers, agents, servants, employees, affiliates, and all others in active concert therewith from future acts of infringing the '976 patent;

H.      In the event that this Court determines that it will not enter injunctive relief, ordering Defendants to continue to pay royalties to Blackbird Technologies for infringement of the '976 patent on a going-forward basis; and

I.      Granting Blackbird Technologies such further relief as this Court deems just and proper under the circumstances.

<u>DEMAND FOR JURY TRIAL</u>

Blackbird Technologies demands a trial by jury on all claims and issues so triable.

21

Dated:  August 22, 2016

OF COUNSEL

Christopher Freeman
cfreeman@blackbird-tech.com
Wendy Verlander
wverlander@blackbird-tech.com
John Handy
jhandy@blackbird-tech.com
Blackbird Tech LLC d/b/a
Blackbird Technologies
One Boston Place, Suite 2600
Boston, MA 02108
(617) 307-7100

STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
(302) 999-1540

*Attorneys for Plaintiff*
*Blackbird Tech LLC*
*d/b/a Blackbird Technologies*